Magistrate Judge Paula L. McCandlis

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JESUS DANIEL LERMA-JARAS,<br><br>Defendant | NO. MJ20-560<br><br>MOTION FOR DETENTION |

The United States moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. 3142(e) and (f)

1.  **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

    ☐ Crime of violence (18 U.S.C. 3156).

    ☐ Crime of Terrorism (18 U.S.C. 2332b (g)(5)(B)) with a maximum sentence of ten years or more.

    ☐ Crime with a maximum sentence of life imprisonment or death.

    ☒ Drug offense with a maximum sentence of ten years or more.

MOTION FOR DETENTION - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

☐ Felony offense and defendant has two prior convictions in the four categories above, or two State convictions that would otherwise fall within these four categories if federal jurisdiction had existed.

☐ Felony offense involving a minor victim other than a crime of violence.

☐ Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. 921), or any other dangerous weapon.

☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. 2250).

☒ Serious risk the defendant will flee.

☐ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror.

2. **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

☒ Defendant's appearance as required.

☒ Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against defendant under 3142(e). The presumption applies because:

☐ Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release.

☒ Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more.

☐ Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), 2332b(g)(5)(B) (crime of terrorism).

MOTION FOR DETENTION - 2

☐    Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.    **Time for Detention Hearing.**  The United States requests the Court conduct the detention hearing:

☐    At the initial appearance

☒    After a continuance of 3 days

DATED this 1st day of September, 2020.

        Respectfully submitted,

        BRIAN T. MORAN
        United States Attorney

        */s/ Stephen P. Hobbs*
        STEPHEN P. HOBBS
        Assistant United States Attorney