UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>(1) JESUS DANIEL LERMA-JARAS and<br>(2) LIONEL GONZALEZ-TORRES,<br><br>    Defendants. | NO. 2:20-cr-00146-JCC<br><br>DECLARATION OF RUSSELL M. AOKI IN SUPPORT OF UNOPPOSED MOTION FOR ORDER APPOINTING COORDINATING DISCOVERY ATTORNEY |

  Defendant, Jesus Daniel Lerma-Jaras, through his counsel of record Peter Mazzone individually and for all court-appointed counsel and their defendants, has moved for an order under 18 U.S.C. §3006A(b) appointing Russell M. Aoki as Coordinating Discovery Attorney. To support this motion, Russell M. Aoki declares and states:

  1. I am over the age of 18 and make these statements based upon my personal knowledge, information, and belief.

  2. I am an attorney practicing in Seattle, Washington since 1986. I have been a Criminal Justice Act Panel attorney for over 25 years. I am also a Coordinating Discovery Attorney for the Administrative Office of the U.S. Courts, Defender Services Office. I work with defense counsel to help strategize ways to organize large volumes of discovery that is common to all defendants. Attached as Exhibit 1 is a true and correct copy of Defender Services' September 2012 announcement to the judiciary on the availability of Coordinating Discovery Attorneys.

  3. My position stems from my representation of a defendant indicted in a $92 million securities fraud case that involved one-and-a-half million pages of materials. I learned how best to organize the discovery for review. From my experience, I became a

DECLARATION OF RUSSELL M. AOKI IN SUPPORT OF UNOPPOSED MOTION FOR ORDER APPOINTING COORDINATING DISCOVERY ATTORNEY - 1

member of the Technology Working Group for the United States District Court, Western District of Washington.

4. Our working group created Best Practices Policies for both documents and wiretaps. To make sure the Best Practices Policies were properly followed, the Court appointed me as the Coordinating Discovery Attorney in cases involving multiple defendants and/or large volumes of discovery.

5. I sit on the Administrative Office of U.S. Courts, Defender Services Office, Litigation Support Expert Panel, which addresses national technology policies. I am also a frequent Continuing Legal Education speaker on technology support. I have presented to federal District Court judges, CJA panel lawyers, and private counsel. A true and correct copy of my biography is attached as Exhibit 2.

6. By early 2011, I had worked on over a dozen cases in the Western District of Washington as the court-appointed Coordinating Discovery Attorney. In 2011, I contracted with the Administrative Office of the U.S. Courts, Defender Services Office (then Office of Defender Services) to provide the same services to jurisdictions within and outside the Western District of Washington. I have been appointed on cases in 28 federal jurisdictions. In total, I have been appointed as a Coordinating Discovery Attorney in over 100 cases.

7. My role as a Coordinating Discovery Attorney is to strategize and provide support services to defense counsel by looking for cost-effective methods to search and organize substantial amounts of discovery, while maintaining evidentiary integrity. I also provide training on how to find pertinent materials when productions are so large it is impossible to review every discovery item. As a lawyer, I also know of the need to avoid conflicts of interest. To avoid any conflicts, my work is limited to a consultant providing

support services and not as co-counsel for the defendants. I do not provide representational services or otherwise establish an attorney-client relationship with any of the defendants. My work typically includes:

- Managing and distributing discovery produced by the government and relevant third-party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided, and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

8. My work helps avoid potentially hundreds of hours of duplicative time spent by defense counsel paging through large volumes of materials. I also help avoid unnecessary expenditure of services and costs because I am familiar with many third-party vendors and their pricing structure.

9. I provide advice to federal criminal defense lawyers across the country. My staff has become well versed in providing technological support. It would be difficult for any lawyer to adjust their practice to deal with the technological issues for a large discovery

DECLARATION OF RUSSELL M. AOKI IN SUPPORT OF UNOPPOSED MOTION FOR ORDER APPOINTING COORDINATING DISCOVERY ATTORNEY - 3

case and still dedicate time to the more substantive matters. My role allows them to focus on the facts and legal issues of their case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 12th day of October, 2020, at Seattle, Washington.

AOKI LAW PLLC

By: /s/ Russell M. Aoki
Russell M. Aoki, WSBA #15717
Aoki Law PLLC
1200 Fifth Ave., Suite 750
Seattle, WA 98101
Tel: 206.624.1900
Fax: 206.442.4396
russ@aokilaw.com

DECLARATION OF RUSSELL M. AOKI IN SUPPORT OF UNOPPOSED MOTION FOR ORDER APPOINTING COORDINATING DISCOVERY ATTORNEY - 4

# EXHIBIT 1



| | | |
|---|---|---|
| HONORABLE THOMAS F. HOGAN<br>Director<br><br>JILL C. SAYENGA<br>Deputy Director | ADMINISTRATIVE OFFICE OF THE<br>UNITED STATES COURTS<br><br>WASHINGTON, D.C. 20544 | THEODORE J. LIDZ<br>Assistant Director<br><br>Office of Defender Services |

September 4, 2012

MEMORANDUM

To:      Judges, United States District Court
           Clerks, United States District Court

From:    Theodore J. Lidz

RE:       SERVICES OF COORDINATING DISCOVERY ATTORNEYS AVAILABLE IN SELECTED FEDERAL CRIMINAL JUSTICE ACT CASES (**IMPORTANT INFORMATION**)

       This memorandum is to advise you of the availability of three contractors to assist Criminal Justice Act (CJA) counsel with management of large volumes of discovery in selected federal CJA cases.

       The Office of Defender Services' National Litigation Support Team (NLST) is available for CJA panel attorneys and federal defender organization (FDO) staff to serve as a resource for litigation support aspects of their cases. As part of a set of national litigation support strategies approved by the Judicial Conference Committee on Defender Services and managed by the NLST, Coordinating Discovery Attorneys (CDAs) work with defense counsel on cases in which there are a large number of defendants, voluminous discovery, or complicated electronic discovery issues.

       The three CDAs under contract with the Administrative Office are Russell M. Aoki of Aoki Law PLLC in Seattle, Washington; Shazzie Naseem of Berkowitz, Oliver in Kansas City, Missouri; and Emma Greenwood, who is in private practice in New York City, New York. These attorneys have experience working on CJA cases and are knowledgeable about the use of technology to manage discovery in federal criminal litigation. In many CJA cases, they have been responsible for the effective use of technology and litigation support vendors to organize, search, review and analyze large volumes of discovery, in both paper and electronic form. They have been appointed by district courts to serve as the CDA in complex criminal cases and have been successful in efficiently and cost effectively facilitating the management of large volumes of discovery. In this capacity, they have ensured that defense counsel have the necessary technology support to organize the discovery, been responsible for controlling costs by seeking cost-sharing opportunities with the Government whenever possible, and made certain that vendors provide quality services at the best possible rates.

CDAs can provide additional in-depth and significant hands-on assistance to CJA panel attorneys and FDO staff in cases that require technology and document management expertise, including facilitating the implementation of the recently released "Recommendations for Electronically Stored Information Discovery Production in Federal Criminal Cases." CDAs evaluate each lawyer's or other staff's level of computer sophistication; identify the types of discovery involved; assist in dialogue with the U.S. Attorney's Office regarding the volume, form and timing of discovery productions (as explicitly encouraged in the Recommendations); assist in deciding how best to distribute the discovery; help determine what technology and other resources are necessary for discovery review and management; and aid in maintaining quality control of the discovery review process. By using a CDA, discovery is generally provided in a more useful form; one knowledgeable person assesses the case's litigation support needs and assists counsel in obtaining the resources necessary to meet them; discovery is more effectively and efficiently tracked; the purchase of litigation support software, hardware, and services is more cost effective; discovery is provided in a more timely manner; and the overall case processing times and costs are likely to be reduced.

To contain costs and maximize benefits, the CDAs will focus on a limited number of cases each year that have been identified as needing a CDA based on the complexity of the matter, the number of parties involved, or the nature and/or volume of the discovery. **If the court, a panel attorney, or FDO is interested in utilizing the services of a CDA, one of the CJA attorneys in the case should communicate first with the NLST, whose contact information is listed below.** After an initial consultation with the NLST, and a second one with one of the CDAs, a decision will be made about the use of the CDA's services in the subject case. Factors considered in determining whether a CDA will work on a particular case are:

- Whether the number of co-defendants is so large as to create a risk of costly duplicative efforts, which could otherwise be eliminated or reduced upon the appointment of a CDA, or whether there are other factors that create a likelihood that the CDA's participation would enable costs to be contained;

- Whether the volume of discovery is so large that addressing the organizational needs in the case would interfere with defense counsel's ability to address the legal and factual issues in a case;

- Whether unusual organizational or technological issues exist, not commonly found even in complex cases, that would interfere with defense counsel's ability to address the legal and factual issues in a case;

- Whether the case is prosecuted in a region that lacks experts who can provide necessary technology support and document management expertise in addressing the factors described above;

- Whether the timing of the request, which preferably should be made early in a case, is such that the CDA's participation is likely to be of assistance to defense counsel, promote efficiency, and contain costs; and,

- The CDA's workload.

All factors need not be present to seek the services of the CDA.  In determining how much weight to provide each factor, the seriousness of the alleged offense will be considered.  The National Litigation Support Administrator makes the final decision on assignment of a CDA.  After it is determined that the services of a CDA would be of assistance, CJA counsel should petition the court to appoint the CDA for participation in the particular case.  The court's appointment of the CDA to work with all defense counsel in the case provides authority for the CDA to confer directly with the prosecution on issues of discovery, which allows for better coordination and overall cost-efficiencies regarding information exchange.

If you have any questions regarding the services of a Coordinating Discovery Attorney, please contact Sean Broderick, Administrator or Kelly Scribner, Assistant Administrator, National Litigation Support Team at 510-637-3500, or by email at, sean_broderick@fd.org, or kelly_scribner@fd.org.

cc:     CJA Panel Attorney District Representatives
        Federal Public/Community Defenders
        Russell M. Aoki, CDA
        Emma Greenwood, CDA
        Shazzie Naseem, CDA
        Sean Broderick, Administrator, NLST
        Kelly T. Scribner, Assistant Administrator, NLST

# EXHIBIT 2

# RUSSELL M. AOKI

AOKILAW PLLC
1200 5th Ave Suite 750
Seattle, WA 98101
(206) 624-1900
russ@aokilaw.com

Russell M. Aoki's practice emphasizes criminal defense and business litigation. During his 34-year career, he has served as a judge *pro tem*, mediator, arbitrator, special master and special disciplinary counsel for the Washington State Bar Association. He has been a Criminal Justice Act Panel attorney for over 25 years and a former CJA District Representative for the Western District of Washington. Mr. Aoki also serves as a National Coordinating Discovery Attorney for the Administrative Office of the U.S. Courts, Defender Services Office, to provide litigation support assistance on complex criminal cases. He has been appointed by U.S. District Courts over 100 times in 28 jurisdictions.

From 2006 to 2009 Mr. Aoki served on the Washington State Bar Association's Board of Governors, during which he was the Treasurer. Mr. Aoki also served as the Washington State Supreme Court's appointee to the Office of Public Defense Advisory Committee for 12 years. He is the past Board President of Northwest Defender Association, past President of the Asian Bar Association of Washington and a past Trustee of the King County Bar Association. He served as a trustee for the Legal Foundation of Washington from 2013 to 2017.

Mr. Aoki has been named one of the top 25 Criminal Defense Attorneys in Washington by *Washington Law & Politics* from 2006 to 2012 and one of the top Criminal Defense Attorneys in Seattle by *Seattle Metropolitan Magazine,* July 2010 and *Seattle Magazine*, January 2007. Mr. Aoki is AV rated by *Martindale Hubbell* and is the 2016 recipient of the Washington State Bar Association's President's Award for his contribution to the legal profession. He was featured in the *King County Bar Bulletin*, *Profile: Russ Aoki Doing the Heavy Lifting,* February 2019.

2