Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | NO. CR20-146JCC |
| Plaintiff, | ) | |
| | ) | MOTION FOR REVIEW OF |
| | ) | DENTENTION ORDER |
| vs. | ) | |
| | ) | |
| JESUS DANIEL LERMA-JARAS, | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| Defendant | ) | |

## MOTION

Defendant Jesus Lerma-Jaras moves this court for review of his detention order and seeks release subject to the conditions pursuant to 18 U.S.C. Section 3142.

## FACTS

Mr. Lerma-Jaras faces multiple drug distribution charges as well as a stolen firearm charge. He is currently incarcerated at the Federal Detention Center in Seatac, WA. He was arrested on September 1, 2020 and arraigned on September 17, 2020. At that hearing he

MOTION FOR REVIEW OF
DETENTION ORDER   1

stipulated to detention, but reserved argument for a later date. He now seeks release pending trial from this court.

## ARGUMENT

The Bail reform act of 1984, 18 U.S.C. 3141-51, favors pre-trial release over detention.  It offers the presiding Court four choices: 1) release on personal recognizance; 2) release with conditions; 3) temporary detention pending revocation of conditional release, deportation or exclusion; and 4) detention.  18 U.S.C. Section 3142(a). That same provision essentially mandates the pre-trial release of an individual by bond or by a set of conditions unless the presiding court determines that "such release will not reasonably assure the appearance of the person…" or will "endanger the safety of the person or the community.  18 U.S.C. 3142 Section (b) and (c). Hence, in order for a defendant to be detained, the government must show that the defendant is either: 1) a danger to the community, based on clear and convincing evidence; or 2) that he poses a flight risk, based on a preponderance of the evidence.  18 U.S.C. Sections 3142 (e-g).

The presiding Court considers these options based on a number of factors, including the background of the defendant, his criminal history, the nature of the charges, and the weight of the evidence which, incidentally, is the least important factor. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).  In addition, the government must show that no set of conditions may be satisfied to alleviate these risks.  See, e.g. 18 U.S.C. Section 3142(f); *United States v. Windsor*, 785 F.2d 755 (9th Cir. 1986).  Some conditions that the presiding Court may consider for release are set forth in 18 U.S.C. Section 3142(c)(1)(B) and

MOTION FOR REVIEW OF
DETENTION ORDER   2

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT,  WA 98201
Tel (425) 259-4989
Fax (425) 259-5994

include, *inter alia*, house arrest, limitations on travel, regular reporting to authorities, drug testing, curfew restrictions, and ordering the trial to go forward if the defendant fails to appear. *Id.*

a. **Deportable Aliens and Pre-Trial Release**

Significantly, a defendant's status as a deportable alien does not bar him or her from being released pending trial. *United States v. Stepanyan*, 2015 WL 4498572 at *2. The plain language of 18 U.S.C. Section 3142 (d) directs the court to ". . . disregard the laws governing release in INS deportation proceedings when it determines the propriety of release or detention of a deportable alien pending trial." *United States v. Adomako*, 150 F.Supp.2d, 1302, 1307 (M.D. Fl. 2001), quoted and followed in *United States v. Stepanyan*, 2015 WL 4498572 at *2.

In addition, the presence of an immigration detainer is also an improper basis for detention. *United States v. Castro-Inzunza*, 2012 WL6622075 (9th Cir.). In *Castro-Inzunza*, for example, a district court in Oregon decided that the presence of an immigration detainer was a basis for reversing a magistrate judge's decision to release the defendant because if he was taken into ICE custody, he would not be available for trial. See, e.g. *United States v. Castro-Inzunza*, 2012 WL 1952652 (D.OR.2012). The Ninth Circuit, however, found this to be an improper basis for detention. *United States v. Castro-Inzunza*, 2012 WL6622075 (9th Cir.). In its ruling, the court found that the defendant's appearance at trial could be assured by other means including "the surrender of his passport and any other travel documents,

MOTION FOR REVIEW OF
DETENTION ORDER   3

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
Tel (425) 259-4989
Fax (425) 259-5994

enjoining him from obtaining or using any new travel documents, or enjoining the government from interfering with his ability to appear at trial. *Id.* at *1.

Finally, the *Stepanyan* court also rejects "district court cases that have settled upon a semantic loophole" to avoid the unambiguous mandate of the Bail Reform Act to treat an alien with a detainer like any other defendant. The semantic loophole consists of treating an alien with a detainer as being a "risk of flight" because if he is in custody, or is deported, he will be unable to appear. However, many district courts have rejected this approach, and found that if it is the government that prevents a defendant alien from appearing at trial, the defendant has not "failed to appear" withing the meaning of the Bail Reform Act and, therefore, the ICE detainer cannot determine his or her eligibility for release. See, e.g. *United States v. Trujillo-Alverez*, 900 F.Supp.2d 1167, 1176-77 (D.OR.2010).

**b. The Rebuttable Presumption of Detention**

Title 18 U.S.C. Section 3142(e) creates a rebuttable presumption for detention related to drug offenses punishable by ten years or more.  That provision, however, "should not be construed to require the automatic detention of a defendant charged with drug related crimes, as such interpretation would result in large scale detention and raise obvious constitutional ramifications." Federal Procedure, Lawyer's Ed. Section 22;1833.  The defendant may challenge the presumption by producing more credible evidence that he is neither a flight risk nor a danger to the community, a burden which "is not a heavy one to meet."  See, e.g. Federal Procedure, Lawyer's Ed. Section 22; 1855-58.

MOTION FOR REVIEW OF
DETENTION ORDER   4

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT,  WA 98201
Tel (425) 259-4989
Fax (425) 259-5994

The ultimate burden of persuasion remains on the government, and it cannot merely point to the rebuttable presumption to make its case. *Id.* at Section 22:1858 (citing *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991); *United States v. Volksen*, 766 F.2d 190 (5th Cir. 1985). An example of a presiding court setting aside the rebuttable presumption of drug cases, and ordering release is *United States v. Moss*, 887 F.2d 333, 336-37 (1st Cir. 1989). In that case, the Court focused on the defendant's lack of criminal history, his likely sentencing range if convicted, and overall background in ordering his pre-trial release.

**c. Application to Mr. Lerma-Jaras**

Mr. Lerma-Jaras is a great candidate for release for several reasons. He is a forty-year-old man who is married and has two children. He has lived, continuously, in the United States for over twenty-one years, has a long history of steady employment, and would be able to go back to work if he were released. He has no passport, has never traveled internationally, and his immediate family, as well as several members of his family circle, live locally, in the greater Puget Sound area. His wife, his children and his grandmother all depend on him for financial and emotional support.

The continued detention of Mr. Lerma-Jaras would lead to a disastrous situation for his entire family. For, example, his wife and children have already been evicted from the house they lived in and have now moved into an apartment on Evergreen Way in Everett. His continued incarceration would ultimately lead to financial devastation for his entire family. If on the other hand, Lerma-Jaras is released pending trial, he could get his old job back and, at the very least, make necessary arrangements for his family's financial future.

MOTION FOR REVIEW OF
DETENTION ORDER   5

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
Tel (425) 259-4989
Fax (425) 259-5994

Mr. Lerma-Jaras' co-defendant, Mr. Gonzales-Torres, who is accused of essentially the same conduct as Mr. Lerma-Jaras, was released following his bail hearing. The only difference between the two is Mr. Gonzales-Torres' status as a United States citizen, and Mr. Lerma-Jaras' status as a deportable alien. But, as we have already noted, this distinction cannot be used as a basis for denying a defendant's release pending trial.

Cynthia Lizarraga, Mr. Lerma-Jaras' wife, has agreed to act as third-party custodian if Mr. Lerma were to be released. Moreover, Mr. Lerma-Jaras is not opposed to being subjected to GPS monitoring, and any other conditions the court may want to impose, to assure his presence at future court hearings. His release would also help in preparing his defense and would allow for regular meetings with undersigned counsel – something not possible given the current pandemic restrictions. Finally, although Mr. Lerma is generally a healthy young man, he does suffer from severe asthma attacks and, therefore, incarceration during the current corona virus pandemic is not conducive to his overall well being and underscores the need for his release pending trial.

## CONCLUSION

For all the foregoing reasons, the court should release Mr. Lerma-Jaras pending trial, with any bond conditions it deems necessary.

Respectfully submitted this 28th day of October, 2020

/s/ Peter Mazzone
Peter Mazzone WSBA #25262
Attorney for Defendant

MOTION FOR REVIEW OF
DETENTION ORDER   6

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
Tel (425) 259-4989
Fax (425) 259-5994

CERTIFICATE OF SERVICE

I hereby certify that on the October 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) and persons of record. I hereby certify that I have served all non CM/ECF participants via United States Postal Service.

s/ Aleshia Johnson

Aleshia Johnson
Paralegal
Mazzone Law Firm, PLLC
3002 Colby Avenue, Suite 302
Everett, WA 98201
425-259-4989 (voice)
425-259-5994 (fax)
aleshiaj@mazzonelaw.com

MOTION FOR REVIEW OF
DETENTION ORDER   7

**MAZZONE LAW FIRM, PLLC**
**3002 COLBY AVENUE, SUITE 302**
**EVERETT, WA 98201**
Tel (425) 259-4989
Fax (425) 259-5994